

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2013

# Yang Xingqiu v. Attorney General United States

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-3474

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

## Recommended Citation

"Yang Xingqiu v. Attorney General United States" (2013). *2013 Decisions.* Paper 1313.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/1313

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3474
_____

YANG XINGQIU, aka Xingqiu Yang,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-113-892)
Immigration Judge:  Honorable Rosalind Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013
Before:  SCIRICA, VANASKIE and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 29, 2013  )
_____

OPINION
_____

PER CURIAM

Xingqiu Yang, a citizen of China who hails from Fujian Province, entered the

United States in March 2009 and was placed into removal proceedings.  He applied for

asylum, withholding of removal, and protection under the United Nations Convention

Against Torture (CAT) based on his experiences as a member of a "house church" in his

native China.  While deeming him credible, the agency nonetheless denied relief, and Yang now seeks review of its decision.[1]

Yang argues first that the Board of Immigration Appeals failed to consider the harm he had experienced *cumulatively* in determining that he did not suffer past persecution.  The record does not support this claim; the Board's decision reflects that it considered Yang's entire story, rather than the beating in isolation, in determining that he had failed to show that the mistreatment he experienced amounted to "persecution" under our case law.  See Administrative Record (A.R.) 4 (citing, *inter alia*, Jarbough v. Att'y Gen., 483 F.3d 184, 191–92 (3d Cir. 2007) (holding that two brief detentions of petitioner by the Syrian government did not rise to the level of persecution)).  The agency was not compelled to find that Yang's detention, beating, and subsequent harassment amounted to persecution on the present factual record.

Yang also contends that the IJ erred in finding that he failed to show an objective fear of future persecution, because she relied too much on the various Country Reports.  See A.R. 25 ("[B]ecause of the lack of specific information regarding Fujian Province, the Court cannot find the respondent would suffer future persecution or harm if returned

_____

[1] Because we write primarily for the parties, who are familiar with the facts of the case (and do not disagree about them), we will not engage in a factual recitation.  We have jurisdiction under 8 U.S.C. § 1252(a).  We primarily review the Board's decision, although we look to those parts of the Immigration Judge's (IJ) opinion to which the Board deferred.  Chen v. Att'y Gen., 676 F.3d 112, 114 (3d Cir. 2011).  The agency's factual findings are reviewed under the deferential "substantial evidence" standard, and will be deemed conclusive unless a reasonable adjudicator would be compelled to

2

to China based on his religious affiliation."). Although Yang concedes that the record evidence on which he relies "sounds general and did not give conclusions specific to Fujian Province," he insists that the "general" information corroborates his testimony. Pet'r's Br. 16–17. While he is correct that the general information *could* have corroborated his testimony to suggest an objectively reasonable, well-founded fear of future persecution, see Chen, 676 F.3d at 115, the relevant question is whether the record *compels* that conclusion. It does not. The IJ determined that there was insufficient record evidence to support a finding that persecution of members of house churches was a significant worry in Fujian Province, and Yang points to nothing that would mandate our reversal of this determination; accordingly, it must stand.[2] See Chen v. Gonzales, 470 F.3d 1131, 1136–37 (5th Cir. 2006) (in similar context, equivocal evidence regarding persecution of Christians rendered petitioner's claim of persecution "highly speculative").

Because Yang did not meet the standard for obtaining asylum relief, he also failed to satisfy the "higher burden of proof" required for withholding of removal relief. Chen, 676 F.3d at 117. Nor do we detect any reason to disturb the agency's CAT conclusion.

Thus, for the foregoing reasons, Yang's petition for review will be denied.

---

conclude to the contrary. Id. An alien bears the burden of establishing his eligibility for relief from removal. See Toure v. Att'y Gen., 443 F.3d 310, 317 (3d Cir. 2006).

[2] The record does contain a letter from Yang's mother, in which she reports that the police continue to look for him. A.R. 320–21. While this letter brings Yang's proffer closer to equipoise, it does not satisfy the deferential standard of review we apply in this context. Cf. De Hincapie v. Gonzales, 494 F.3d 213, 219 (1st Cir. 2007).